

IN THE UNITED STATES DISTRICT COURT **RECEIVED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN **1 4** 2005 WH

| | |
|---|---|
| DANIEL P. SCHROCK d/b/a<br>DAN SCHROCK PHOTOGRAPHY,<br><br>Plaintiff,<br><br>-vs-<br><br>LEARNING CURVE INTERNATIONAL, INC.,<br>a Delaware corporation; RC2 BRANDS, INC.,<br>a Delaware corporation; RC2 CORPORATION,<br>a Delaware corporation; HIT ENTERTAINMENT,<br>PLC, a British corporation; GULLANE<br>ENTERTAINMENT, INC., a New York<br>corporation d/b/a HIT ENTERTAINMENT;<br>and DOE I through DOE III,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

JURY DEMANDED **MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

No. 04-C-6927

Judge Shadur

Mag. Judge Keys

**F I L E D**

JUN **1 6** 2005

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

### AMENDED COMPLAINT
### FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, DANIEL P. SCHROCK d/b/a DAN SCHROCK PHOTOGRAPHY ("Schrock"),

by and through his attorney, MARK H. BARINHOLTZ, P.C., complains against defendants,

LEARNING CURVE INTERNATIONAL, INC., a Delaware corporation ("Learning Curve");

RC2 BRANDS, INC., a Delaware corporation ("RC2 Brands"); RC2 CORPORATION, a

Delaware corporation (RC2 Corporation"); HIT ENTERTAINMENT, PLC, a British corporation

("HIT Entertainment"); GULLANE ENTERTAINMENT, INC., a New York corporation d/b/a

HIT Entertainment ("Gullane Entertainment"); and DOE I through DOE III, and each of them

jointly and severally, and alleges:

### Jurisdiction and Venue

1.    This court has jurisdiction over this case under 28 U.S.C. § 1338(a); including

supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367. Venue is

proper in this District under 28 U.S.C. § 1391(b), § 1391(c) and § 1400(a).

**Parties**

2.    Plaintiff Schrock has, at all times relevant, been an experienced professional photographer whose principal place of business is in Chicago, Illinois.

3.    Defendant Learning Curve is, upon information and belief, a Delaware corporation headquartered in Oak Brook, Illinois, and has, at all times relevant herein, been engaged in the children's toy distribution business in this District and worldwide.

4.    Defendant RC2 Brands is, upon information and belief, a Delaware corporation headquartered in Oak Brook, Illinois, and has, at all times relevant herein, been engaged in the children's toy distribution business in this District and worldwide.

5.    Defendant RC2 Corporation is, upon information and belief, a Delaware corporation headquartered in Oak Brook, Illinois, and has, at all times relevant herein, been a designer, producer and marketer, *inter alia*, of children's toys in this District and worldwide. On information and belief, RC2 Corporation owns and controls Learning Curve and RC2 Brands, and exploits the operations of such entities to derive commercial gain therefrom.

6.    Defendant HIT Entertainment is, upon information and belief, a British corporation operating in the United States through various offices, *inter alia*, in New York City, and has, at all times relevant herein, been a rights owner of properties targeted at young children and licensed for toys, videos and television entertainment distributed worldwide, and within this District.

7.    Defendant Gullane Entertainment is, upon information and belief, a New York corporation with offices in New York City, and Allen, Texas, and has, at all times relevant herein, been owned and operated by HIT Entertainment, Plc., and has been doing business in the United States and elsewhere, trading under the assumed name "HIT Entertainment."

8.    Defendants DOE I through DOE III are persons and/or firms whose identity(ies) are presently unknown to plaintiff, but who, upon information and belief, participated, conspired and/or aided and abetted in the wrongful acts against plaintiff in connection with the causes set forth herein below.

2

**Background**

9.      At or about Fall 1999, Schrock was contacted by Learning Curve's creative department and engaged to provide photographic services, and to license certain of Schrock's photographic imagery thereby to be created, depicting various toy lines being distributed by Learning Curve (the "Works"), including but not limited to Thomas the Tank Engine & Friends, Madeline, Lamaze, Eden and Small Miracles ("the toy lines").

10.     Learning Curve's personnel requested, of and from Schrock, to obtain the photographic transparencies embodying the Works once they were created, and for a license to reproduce various of the Works for purposes primarily including, *inter alia*, (i) in Learning Curve's annual catalogs, and (ii) on packaging for the toys, as a means to promote sales.

11.     Schrock then and there, and at all times pertinent, communicated his terms and conditions for such use and license of his Works, namely, that use of his Works created by him would be limited to annual catalog and packaging uses for Learning Curve's purposes only, and that other or additional uses would require Schrock's permission.

12.     Over the years, and on limited occasions, Learning Curve requested, and Schrock allowed, license(s) for certain other uses of the Works, *eg.* product sell sheets, packaging to be used internationally, and for use in connection with a trade show known as Toy Fair.

13.     The foregoing license(s) were limited in time to a period of two (2) years from the date of the grant of the license(s). The catalog use(s) were further limited to a particular catalog year of publication.

14.     It was further understood and agreed by Learning Curve that, other than the aforesaid license(s), authorship and copyright ownership, and all rights, title and interest in the Works, would remain exclusively with Schrock.

15.     Commencing on or about November 1999, and for a period of three and one-half (3-1/2) years, through approximately April 2003, pursuant to Learning Curve's specific requests therefor, Schrock created a substantial body of photographic imagery and made his Works

3

available to Learning Curve pursuant to the foregoing license(s).

16.     During that period of time, Schrock provided photographic services and imagery to Learning Curve, and Schrock invoiced Learning Curve for such services as was the practice of the parties over the years. The invoices reflected the terms of the license(s). A copy of one such invoice is attached hereto as Exhibit "A".

17.     At or about November 2002, Schrock was contacted by Learning Curve personnel who requested Schrock sign a "work-made-for-hire" agreement, so that ownership and title to his Works, and the copyrights therein, would belong to Learning Curve or its licensees or assigns.

18.     Such request by Learning Curve was in derogation of the license(s), and an attempt to wrest Schrock's copyrights in the Works from him, and to otherwise allow Learning Curve or its licensees or assigns to retain possession of the Works, created by Schrock over the years. Schrock did not sign the "work-made-for-hire" agreement.

19.     At or about February 2003, Schrock learned that Learning Curve, on information and belief, was, or was about to be, acquired by a company known as "Racing Champions Ertl," on information and belief, now known as RC2 Corporation. (Unless otherwise specifically alleged, RC2 Brands and RC2 Corporation are hereinafter collectively referred to as the "RC2 Company" which, from and after March 2003, also included Learning Curve.)

20.     After approximately May 2003, Schrock did not receive any further requests from defendant(s) Learning Curve, RC2 Brands and/or RC2 Corporation, or any of them, for his photographic services.

21.     At or about Spring 2004, Schrock learned that Learning Curve and RC2 Company had violated the terms of Schrock's license(s) by reproducing substantial numbers of Schrock's Works for electronic use on Learning Curve's and/or RC2 Company's Web sites on the Internet.

22.     Shortly thereafter, it also became evident that certain of the 2-year packaging license(s) which Schrock had theretofore granted, particularly at or about 2002 or earlier, were expiring or were about to expire.

4

23.   Upon further investigation, Schrock learned that Learning Curve and RC2 Company had, at or about 2003, and upon information and belief at various times prior thereto, participated in, authorized and/or caused and/or contributed to cause certain of Schrock's photographic images to be unlawfully reproduced and copied by various means, including *inter alia* (i) to be reproduced, disseminated and displayed on Learning Curve's Internet Web site, (ii) to be reproduced, disseminated and displayed on RC2 Company's Internet Web site, (iii) to be reproduced, disseminated and displayed on the Internet Web site(s) of various licensors of the toy lines, (iv) to be reproduced, disseminated and displayed on the Internet Web site(s) of various retail outlets selling the toy lines, (v) to be reproduced in and disseminated through various publications of the licensors and/or retail outlets for the toy lines, and (vi) to be reproduced on packaging for the toy lines for a period exceeding the 2-year license(s) granted, (the "infringed Works" or "infringing uses"); but without any permission, consent, authorization or approval from, or notice to, Schrock.

24.   With respect to the Web site infringements, an example of Schrock's test image of Lamaze toy *Buzz the Bug*, and as such image appears (in reverse aspect) in various Learning Curve catalogs, are attached hereto as a group Exhibit "B". A depiction of an infringing use as downloaded off Learning Curve's Web site on the Internet, is attached hereto as Exhibit "C".

25.   With respect to the product packaging infringements, copies of Schrock's images depicting Thomas & Friends toy *Sling Bridge*, on information and belief from 2002, and as such images appear on the front panel and back panel of the product packaging for that toy being sold in 2004, are attached hereto as group Exhibits "D" and "E" respectively.

26.   That in preparation and investigation for this Lawsuit, Schrock further learned, and is informed and believes, that on various occasions the requests by Learning Curve personnel for license(s) to certain Work(s), particularly license(s) to include certain of the Works in a particular annual catalog (*eg.* the 2002 catalog), were based on misrepresentations by Learning Curve personnel calculated to deceive Schrock as to the true nature and extent of the use(s) for which the

5

Works were intended. As a result, certain of the Works appeared in more than one annual catalog, in violation of the license(s) granted therefor (also "infringed Works" or "infringing uses").

27.    The infringed Works were, at all times relevant, purposefully used and exploited by defendants, and reproduced, displayed, disseminated and otherwise targeted by them, in order to have significant impact and to create goodwill to accomplish defendants' goal of generating commercial sales of the toy lines which, upon information and belief, are substantial worldwide.

28.    At or about Spring 2004, Schrock contacted Learning Curve and RC2 Company and notified them that the license(s) theretofore granted were being violated. Schrock also demanded return of the original transparencies embodying his Works.

29.    Although Learning Curve and RC2 Company personnel communicated with Schrock over a period of approximately two months, in order to locate and return the photographic transparencies and to otherwise purportedly negotiate over the fact that the license(s) were being violated by means, *inter alia*, of Internet use, and by use beyond the 2-year term of the license(s), said defendants, after approximately June 2004, ceased all communication with Schrock.

30.    In connection with the copyright violations aforesaid, Learning Curve and RC2 Company, by their failure and/or refusal to deal with Schrock, evidenced their intent to, *inter alia*, deprive Schrock of the right to bargain for (i) authorship credit or attribution to Schrock, or the omission thereof, in connection with the infringing uses, (ii) the prevention of miscrediting authorship attribution in Learning Curve or RC2 Company or others in association with the infringing uses by conspicuously substituting and affixing Learning Curve's or RC2's or others' name and/or copyright notice thereto, and (iii) creative input into preparation and dissemination of derivative works and versions based on Schrock's copyrighted Works.

31.    That the foregoing infringements and unlawful acts were committed, and are being committed, by defendant(s), and certain of defendant(s)' personnel, all without having first notified Schrock and having obtained Schrock's license, consent, permission or approval to do so.

32.    That the Works by Schrock contain substantial material wholly original with

6

defendant Learning Curve infringed Schrock's Works, and his exclusive rights therein, by various means, including but not limited to, the aforesaid reproductions, publications, distributions, disseminations and displays of the copyrighted Works on Internet Web sites, in annual catalogs and on product packaging, without having first obtained a license therefor.

38.     That such acts aforesaid by defendant Learning Curve were for its own commercial use and benefit and infringed upon plaintiff's exclusive copyrights in the infringed Works.

39.     That such copyright infringements aforesaid have continued through the filing of this action, are ongoing and are likely to continue.

40.     That by virtue of the acts hereinabove alleged, defendant Learning Curve has infringed plaintiff's copyrights, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

<u>COUNT II</u>
**(Copyright Infringement vs. RC2 Brands)**

41.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 40 hereof, and for this Count II alleges against defendant RC2 Brands, as follows.

42.     Approximately 2003, and at various times through the filing of this action, defendant RC2 Brands infringed Schrock's Works, and his exclusive rights therein, by various means, including but not limited to, the aforesaid reproductions, publications, distributions, disseminations and displays of the copyrighted Works on Internet Web sites, in annual catalogs and on product packaging, without having first obtained a license therefor.

43.     That such acts aforesaid by defendant were for its own commercial use and benefit and infringed upon plaintiff's exclusive copyrights in the infringed Works.

44.     That such copyright infringements aforesaid have continued through the filing of this action, are ongoing and are likely to continue.

8

45.    That by virtue of the acts hereinabove alleged, defendant RC2 Brands has infringed plaintiff's copyrights, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

## COUNT III
### (Copyright Infringement vs. RC2 Corporation)

46.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 45 hereof, and for this Count III alleges against defendant RC2 Corporation, as follows.

47.    Approximately 2003, and at various times through the filing of this action, defendant RC2 Corporation infringed Schrock's Works, and his exclusive rights therein, by various means, including but not limited to, the aforesaid reproductions, publications, distributions, disseminations and displays of the copyrighted Works on Internet Web sites, in annual catalogs and on product packaging, without having first obtained a license therefor.

48.    That such acts aforesaid by defendant were for its own commercial use and benefit and infringed upon plaintiff's exclusive copyrights in the infringed Works.

49.    That such copyright infringements aforesaid have continued through the filing of this action, are ongoing and are likely to continue.

50.    That by virtue of the acts hereinabove alleged, defendant RC2 Corporation has infringed plaintiff's copyrights, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

## COUNT IV
### (Copyright Infringement vs. Doe I through Doe III)

51.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 50 hereof, and for this Count IV alleges against defendants Doe I through Doe III, as follows.

9

52.    On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s) were a conscious, active and dominant force causing or contributing to cause, and which resulted in, the unlawful infringements herein alleged.

53.    On information and belief, those individuals, firms, affiliates and/or contractors personally or directly contributed to, authorized and/or participated in infringing Schrock's Works, and his exclusive rights therein, by the various means aforesaid, *inter alia.*

54.    That such tortious acts were for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringed upon Schrock's exclusive copyrights in the Works.

55.    That such copyright infringement aforesaid has continued through the filing of this Lawsuit, is ongoing and is likely to continue.

56.    That by virtue of the acts hereinabove alleged, defendants DOE I through DOE III infringed Schrock's copyrights, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.


### COUNT V
### (Injunctive Relief)

57.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 56 hereof, and for this Count V alleges against defendant(s) Learning Curve, RC2 Brands, RC2 Corporation, and DOES I through III, and each of them jointly and severally, as follows.

58.    By reason of defendant(s)' aforesaid acts, Schrock has suffered, and will continue to suffer, damage to his profession, reputation, and goodwill, unless the court protects him from any unauthorized use of his Works and otherwise against infringements alleged aforesaid.

59.    Defendant(s) continue to do and to threaten to do the acts complained of by plaintiff and, unless enjoined by the court, defendant(s) will continue to do so, to plaintiff's irreparable

damage.

60.     The harm to defendant(s) of being ordered to cease their activities is not sufficient to justify the damage to Schrock of allowing defendant(s) to continue.

61.     There is a strong possibility that Schrock will prevail on the merits of this case.

62.     Furthermore, it would be extremely difficult, if not impossible, to ascertain the amount of compensation which would afford Schrock adequate relief for defendant(s)' acts. Therefore, Schrock's remedy at law is not adequate to compensate him for his injuries.

63.     Pursuant to 17 U.S.C. § 502, Schrock seeks a hearing and the issuance by the court, following such hearing, of a preliminary and ultimately permanent injunction to require defendant(s), *inter alia*, to:

(i)     cease using or taking any further steps to use Schrock's copyrighted Work(s), and all other materials of any kind which embody, incorporate or are associated with Schrock's Works, without his prior written authorization;

(ii)    destroy all infringing work or works or portions thereof, digital files, brochures, merchandise packaging, and all other related materials of any kind wherein Schrock's Works and authorship thereof are being infringed and miscredited, and all without Schrock's prior written approval; and

(iii)   cease making any representations, statements and/or suggestions that the manner in which the Works are reproduced, adapted and/or credited as to authorship, is in any way approved, or licensed by Schrock, in any manner whatsoever, without his prior written consent.

## COUNT VI
### (Injunctive Relief: Joinder of Necessary Parties)

64.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 63 hereof, and for this Count VI alleges against defendant(s) HIT Entertainment, Plc., and Gullane Entertainment, Inc., *inter alia*, as follows.

11

65.    That over the years, Schrock created substantial numbers of Works pertaining to the various toy lines, and in particular with respect to a toy line known as "Thomas the Tank Engine & Friends." ("Thomas & Friends")

66.    That upon information and belief, the Thomas & Friends brand is controlled and licensed by HIT Entertainment and Gullane d/b/a HIT Entertainment (collectively, unless otherwise specifically referenced, hereinafter "HIT Entertainment").

67.    That upon information and belief, a substantial number of Works created by Schrock were used, and are being used, by HIT Entertainment for reproduction and dissemination on packaging for its Thomas & Friends toys, but subject to the 2-year license limitation aforesaid.

68.    Absent the joinder of HIT Entertainment (including Gullane Entertainment) as parties to this lawsuit, plaintiff risks irreparable harm including, but not limited to, the ongoing infringing distribution by HIT Entertainment of Schrock's copyrighted Works on Thomas & Friends toy packaging, as well as the possibility, *inter alia*, that multiple court actions may be necessary for Schrock to fully reach and remedy all wrongs described herein.

69.    In addition to HIT Entertainment, other parties who control and/or license other toy lines photographed by Schrock, including but not limited to, Madeline, Lamaze, and Eden, have such interests in the controversy that they should also be made parties in order that the court do complete justice.

70.    By reason of defendant(s)' aforesaid acts, Schrock has suffered, and will continue to suffer, damage to his profession, reputation, and goodwill, unless the court protects him from any unauthorized use or misuse of his services, and otherwise against infringements aforesaid.

## COUNT VII
### (Breach of Bailment)

71.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 70 hereof, and for this Count VII alleges against defendant(s) Learning

12

87.    Defendant(s) have wrongfully and unlawfully deprived and continue to deprive plaintiff of his lawful right to possession of the original transparencies, such that a conversion of said property by defendants has occurred.

88.    As a direct and proximate result of the aforesaid conversion, plaintiff has suffered and sustained substantial loss and damage, in a sum to be determined.

### COUNT IX
### (Accounting)

89.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 88 hereof, and for this Count IX alleges against defendant(s) Learning Curve, RC2 Brands, RC2 Corporation, HIT Entertainment, Gullane Entertainment, and DOES I through III, and each of them jointly and severally, as follows.

90.    That by virtue of the premises herein above alleged, plaintiff has demonstrated circumstances, including the existence of multiple and complex accounts, the need for discovery, and the existence of grounds for relief including, *inter alia*, misrepresentation.

91.    That the court should, therefore, order an accounting from defendant(s) as to all transactions involving property of plaintiff, and in which plaintiff has, or at one time had, any interest, and that all such property, or such pro-rated portion of same to which plaintiff is entitled, be accounted for, returned and otherwise credited to the benefit of plaintiff.

92.    Plaintiff prays this Court enter judgment in favor of plaintiff and against defendant(s) Learning Curve, RC2 Brands, RC2 Corporation, HIT Entertainment, Gullane Entertainment, and DOES I through III, and each of them jointly and severally, and order an accounting as herein requested.

### COUNT X
### (Declaratory Judgment)

93.    Plaintiff incorporates by reference and realleges each and every allegation contained

15

defendants' wrongful acts by any means, either at law or in equity, including but not limited to injunction, impounding and reasonable disposition of all infringing articles, accounting and/or imposition of a constructive trust.

## JURY TRIAL DEMANDED

100.    Plaintiff hereby demands trial by jury.


Dated:        June 14th, 2005
              At Chicago, Illinois


                              DANIEL P. SCHROCK d/b/a
                              DAN SCHROCK PHOTOGRAPHY,
                              Plaintiff.


                        By _____


ATTORNEY FOR PLAINTIFF:

Mark Barinholtz
MARK H. BARINHOLTZ, P.C.
55 West Monroe Street
Suite 3330
Chicago, IL 60603
(312) 977-0121


18

**Exhibit "A"**

**Exhibit "B"**



Bright Friends! (cont.)



**Buzz the Bug**

**Tucker the Turtle**





**Celeste the Sun**

To place an order visit www.myLCI.com, call your LCI rep., or call 1.888.281.1801

**Exhibit "C"**

**Learning Curve**

Dedicated to encouraging
creative and imaginative play



## OUR BRANDS

PREVIOUS    NEXT

Home
Our Brands
  Eden ®
  Lamaze ®
  GiggleWings ®
  Madeline™
  FeltKids ®
  Harley Davidson Kids ®
  John Deere Kids™
  Thomas & Friends™
Where To Buy
About Us
Events
Awards
Product Recall

### Play and Grow • Buzz the Bug

This friendly bug features a soft velour body with dangling shapes in signature Lamaze colors and patterns. Each leg has a different sound element. Links are great for take-along play. Machine washable.



Contact Us • Site Map • Our Guarantee • Privacy Policy

©Copyright 2003, Learning Curve International, Inc. • Terms and Conditions



Front Panel    Circled photo by Dan Schrock Photography



Sling Bridge Packaging

**Exhibit "E"**



Back Panel        Circled photo by Dan Schrock Photography



Sling Bridge Packaging

**Exhibit "F"**

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**SHORT FORM VA** 
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

Registration Number

VA 1-265-657

Effective Date of Registration
SEPTEMBER 27 2004

Application Received
SEP 27 2004

| Examined By | |
| --- | --- |
| ⚬ | |
| Correspondance □ | |

Deposit Received
One SEP 27 2004 | Two

Fee Received

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
| --- | --- | --- |
| **Title of This Work:** | **1** | Dan Schrock Photography 2002 Published Photos, Group A |
| Alternative title or title of larger work in which this work was published: | | Group Registration/Photos; approx. 911 photographs |
| **Name and Address of Author and Owner of the Copyright:** | **2** | Dan Schrock Photography 327 North Aberdeen #2W Chicago, IL 60607 |
| Nationality or domicile: USA Phone, fax, and email: | | Phone ( 312 ) 243-6070　　　Fax ( )  Email |
| **Year of Creation:** | **3** | 2002 |
| *If work has been published, Date and Nation of Publication:* | **4** | a. Date s　ca. May　　　1　　2002　(Month, day, and Month　Day　Year　year all required)  to　ca. October　　1　　2002  b. Nation USA |
| **Type of Authorship in This Work** Check all that this author created. | **5** | ☐ 3-Dimensional sculpture　　☒ Photographs　　☐ Map  ☐ 2-Dimensional artwork　　☐ Jewelry design　　☐ Text  ☐ Technical drawing |
| **Signature:** Registration cannot be completed without a signature. | **6** | *I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one:  ☒ Author　☐ Authorized agent  X _____ |
| **Name and Address of Person to Contact for Rights and Permissions:** Phone, fax, and email: | **7** | ☒ Check here if same as #2 above.  Phone ( )　　　　　　Fax ( )  Email |

| | |
| --- | --- |
| Certificate will be mailed in window envelope to this address: | Name ▼　Mark H. Barinholtz, P.C.　Atty-At-Law  Number/Street/Apt ▼　55 West Monroe Street, Suite 3330  City/State/ZIP ▼　Chicago, Illinois 60603 |

**9** Deposit Account #_____
Name _____

DO NOT WRITE HERE　Page 1 of ___ pages

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

**<u>Exhibit "G"</u>**

**FEE CHANGES**
Fees are effective through June 30, 2002.
After that date, check the Copyright Office
Website at www.loc.gov/copyright or call
(202) 707-3000 for current fee information.

# SHORT FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

Registration Number

_____ VA _____ VAU

Effective Date of Registration

Application Received

Examined By

Deposit Received
One | Two

Correspondence ☐

Fee Received

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
|---|---|---|
| **Title of This Work:**<br><br>Alternative title or title of larger work in which this work was published: | **1** | Dan Schrock Photography 2000<br>Catalog photos<br><br>(approx. No. of photos 111) |
| **Name and Address of Author and Owner of the Copyright:**<br><br>Nationality or domicile:<br>Phone, fax, and email: | **2** | Dan Schrock Photography<br>327 North Aberdeen #2W<br>Chicago, IL 60607<br><br>Phone ( 312 ) 243-6070    Fax ( )<br>Email |
| **Year of Creation:** | **3** | 1999 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date ____ ca. _____ January _____ 5 _____ 2000 ____ *(Month, day, and year all required)*<br>               Month            Day         Year<br>b. Nation    USA |
| **Type of Authorship in This Work:**<br>Check all that this author created. | **5** | ☐ 3-Dimensional sculpture   ☒ Photographs   ☐ Map<br>☐ 2-Dimensional artwork   ☐ Jewelry design   ☐ Text<br>☐ Technical drawing |
| **Signature:**<br><br>Registration cannot be completed without a signature. | **6** | *I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one:<br>☒ Author ☐ Authorized agent<br>X _____ May 19, 2005 |
| **OPTIONAL**<br>**Name and Address of Person to Contact for Rights and Permissions:**<br>Phone, fax, and email: | **7** | ☒ Check here if same as #2 above.<br><br>Phone ( )    Fax ( )<br>Email |

| **8**<br>Certificate will be mailed in window envelope to this address: | Name ▼    Mark H. Barinholtz, P.C.    Atty-at-Law | *Complete this space only if you currently hold a Deposit Account in the Copyright Office.* | **9** Deposit Account # _____<br>Name _____ |
|---|---|---|---|
| | Number/Street/Apt ▼    55 West Monroe Street, Suite 3330 | | |
| | City/State/ZIP ▼    Chicago, Illinois 60603 | | DO NOT WRITE HERE    Page 1 of ____ pages |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—100,000
WEB REV: June 1999
♺ PRINTED ON RECYCLED PAPER
☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/54