UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL P. SCHROCK, d/b/a DAN SCHROCK PHOTOGRAPHY<br><br>Plaintiff,<br><br>vs.<br><br>LEARNING CURVE INTERNATIONAL, INC., et al.<br><br>Defendants. | Case No. 04-C-6927<br><br>Judge Shadur<br><br>Magistrate Judge Keys |

**HIT ENTERTAINMENT DEFENDANTS' LOCAL RULE 56.1
STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Pursuant to Rule 56.1(a)(3) of the Local Rules of the United States District Court for the Northern District of Illinois, HIT Entertainment Limited, together with its current and former subsidiaries named here as defendants, Thomas Licensing LLC, HIT Entertainment, PLC, Gullane Thomas Limited, and Gullane Entertainment, Inc. (collectively, "HIT"), hereby submit the following statement of material facts that are uncontested for purposes of their Motion for Summary Judgment and that entitle HIT to judgment as a matter of law:

**I.     Facts Supporting Jurisdiction And Venue**

1.     Plaintiff instituted this action pursuant to the Copyright Act, 17 U.S.C. §101, *et seq*. Jurisdiction is proper, to the extent that Plaintiff's action seeks recovery for infringement of copyrights registered prior to commencing claims in this court in this action, under 28 U.S.C. 1338(a), and venue is proper under 28 U.S.C. 1391(b), 28 U.S.C. § 1391(c), and 28 U.S.C. § 1400(a).

- 1 -

## II. Background

### A. Parties

2. Plaintiff Daniel Schrock d/b/a Dan Schrock Photography ("Schrock") is a professional photographer with his principal place of business in Chicago, Illinois. (Am. Compl. at ¶ 2, attached hereto as Exhibit A; RC2 Ans. to Am. Compl. at ¶ 2, attached hereto as Exhibit B.)

3. Defendant Learning Curve International ("LCI") is a Delaware Corporation with its principal place of business in Oak Brook, Illinois. (Ex. A at ¶ 3; Ex. B at ¶ 3.) LCI is engaged in the worldwide distribution of children's toys. *Id.*

4. In approximately 2003, LCI was acquired by Racing Champions Ertle, forming RC2 (LCI and RC2 are hereinafter both referred to as "RC2.") (Ex. B at ¶ 19; Glankler Dep. at 26: 17-21, attached hereto as Exhibit C.)

5. Defendant HIT Entertainment Limited (f/k/a HIT Entertainment PLC) is a British business entity with subsidiaries operating in the United States. (HIT Ans. to Am. Compl. at ¶ 6, attached hereto as Ex. D.)

6. Defendants Gullane Entertainment, Gullane Thomas Limited, Thomas Licensing LLC, and HIT Entertainment, PLC are predecessors, subsidiaries or affiliates of HIT Entertainment Limited (collectively, "HIT.") (Slocum Dep. at 24:11-18; 26:3-29:2; 34:8-35:10; 37:21-38:9; 42:11-22; 47:6-48:16; 60:19-61:13, attached hereto as Exhibit E.)

7. HIT is one of the world's leading entertainment companies, and is engaged in the business of publishing original works and licensing third parties to create derivative works of various children's entertainment properties, including Thomas & Friends, Barney, and Bob the Builder, each of which HIT controls through the ownership of worldwide rights, including

copyright, trademark and other intellectual property rights, in the subject matter and illustrations associated with these properties. (Ex. D. at ¶ 6; Glankler Aff. at ¶ 3, attached hereto as Exhibit F.)

8. HIT is the owner of all worldwide rights, including copyrights, trademarks, and other intellectual property rights, in "Thomas & Friends" works, titles, materials, illustrations, books, movies, and any other derivation, adaptation, or variation thereof. (Ex. C at 46:14-24; Ex. E at 88:6-10; Ex. F at ¶ 4.)

9. In the 1990s, HIT granted RC2 an exclusive license to produce certain children's toys based on its Thomas & Friends property. (Ex. C at 7:5-8:13; Ex. F at ¶ 5.)

10. Under its license from HIT, Learning Curve has developed hundreds of toys, including Thomas the engine, his coaches, Annie and Clarabel, and several other engines and destinations found on the fictional Island of Sodor. (Ex. F at ¶ 6.)

11. The written licenses HIT granted to Learning Curve prohibited Learning Curve from granting any third party any rights in or to works based on Thomas & Friends, and provided that the copyright in any material based on or derived from Thomas & Friends created in the course of Learning Curve's exercise of its rights under the license shall automatically and absolutely vest in HIT. (Ex. F at ¶ 7.)

12. Revenue from HIT's exploitation of its ownership of the Thomas & Friends property exceeded £27 million in 2004. (Ex. F at ¶ 8.)

**B. Plaintiff's Photography**

13. Beginning in 1999, Schrock was retained by RC2 to take photographs of certain toys to be used in connection with the marketing of those products. (Schrock Dep. at 166:20-167:14; 171:25-172:6, attached hereto as Exhibit G.)

14. From approximately 1999 until approximately 2003, Schrock was retained on a number of occasions by RC2 to create product photographs, which included photographs of certain Thomas & Friends products. (Ex. G at 121:2-5; 278:22-24; 307:7-25; 335:11-336:8; 339:12.)

15. RC2 paid Schrock over $400,000 for his photos and his photographic services. (LC000945, attached hereto as Exhibit H.)

C. **Content of Schrock's Photographs**

16. Schrock admits that "fine art might be the complete opposite of assignment photography." (Ex. G at 69:24-70:1.)

17. The photographs taken for RC2 by Schrock are accurate representations of the products shown in the photographs. (Ex. G at 260:14-262:15; 264:17-266:6; 284:24-287:2.)

18. Schrock's photographs were taken using the film, light, contrast, focus and angles that accurately revealed the characteristics of the toys. (Ex. G at 284:24-286:1; 388:3-389:13. *See also* 2002 RC2 catalog pp. 162-173, 182-188, 196-201, 206, 214 *and* 2002 Supplement pp. 36-38, attached hereto as Exhibit I, which are color printouts being submitted for the convenience of the Court as a representative sample of the photographs of Thomas & Friends toys that were submitted to the Copyright Office by Schrock. A CD-ROM containing all of the photographs of Thomas-related toys that Schrock submitted as deposit materials with his copyright applications is attached hereto as Exhibit J.)

19. In his product photography, Schrock knew he "always [had] to be truthfully representing" the product. (Ex. G at 265:6-13.)

20. In his product photography, Schrock shows that the product "is what it purports to be." (Ex. G at 266:5-6.)

### D. Plaintiff's Copyrights

21. Plaintiff has obtained various copyright registrations for over 1,500 photographs that he shot while employed by RC2, including photographs of Thomas characters. (Ex. G at 311:7-312:24; 374:14-20; Plaintiff's copyright registrations, attached hereto as Exhibit K.)

22. Plaintiff did not obtain permission from HIT or RC2 to register copyrights in his photographs of the Thomas products. (Ex. G at 374:21-375:14.)

23. Schrock does not claim copyright ownership of the toys photographed. (Plaintiff's Answer No. 7 to Defendant Learning Curve's First Set of Interrogatories, attached hereto as Exhibit L.)

October 30, 2007                    Respectfully submitted,

HIT ENTERTAINMENT LIMITED,
THOMAS LICENSING LLC,
HIT ENTERTAINMENT PLC,
GULLANE THOMAS LIMITED and
GULLANE ENTERTAINMENT, INC.

By: _____
    One of their Attorneys

Timothy M. Brink
Matthew T. Furton
David B. Abramowitz
Margaret M. Schuchardt
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60603
312.443.0445 (MTF)

## CERTIFICATE OF SERVICE

Matthew T. Furton, an attorney, hereby certifies that he caused the foregoing document to be served upon:

Mark H. Barinholtz
Mark H. Barinholtz, P.C.
55 West Monroe Street
Suite 3330
Chicago, IL 60603

David G. Hanson
Reinhart, Boerner, Van Deuren, Norris
& Rieselbach, S.C.
1000 North Water Street
Suite 2100
Milwaukee, WI 53203-3400

and

Scott D. Verhey
Law Offices of Scott D. Verhey, P.C.
734 North Welles Street
Chicago, IL 60610

via the Court's electronic filing system and via U.S. Mail on the 30th day of October, 2007 by placing the same in a postage prepaid envelope and placing it in the U.S. Mail collection repository at 111 S. Wacker Drive prior to 4:30 p.m.

Matthew T. Furton